# EXHIBT A

# EXHIBIT A

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR YAKIMA COUNTY

| | |
|---|---|
| JESSE ERVIN, | NO. |
| Plaintiff, | Summons |
| v. | |
| MOUNTAIN VIEW EQUIPMENT CO., a for-profit limited libility company, and STUART FJELDSTED and his marital property, | |
| Defendant. | |

TO Mountain View Equipment Co.'s Registered agent:
**Steve Anderson**
**521 Midvale Rd**
**Sunnyside, WA 98944**

A lawsuit has been started against you in the above-named Court by the above-named plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney within twenty (20) days after the service of this Summons, excluding the day of service, or sixty (60) days if this Summons is served outside the State of Washington, or a default judgment may be entered

Summons                                    1                    SUNLIGHT LAW, PLLC
                                                                 402 E Yakima Avenue, Suite 730
                                                                 Yakima, WA 98901
                                                                 (509) 388-0231

Willert Declaration - 5

EXHIBIT A

against you without notice. A default judgment is one where plaintiff is entitled to what she asks for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiffs. Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court, or service upon you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney on this matter, you should do so promptly so that your written answer, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court of the Civil Rules of the State of Washington.

DATED this 1st day of November, 2018.

Sunlight Law, PLLC

_____
Favian Valencia, #43802
Attorney for Plaintiff

## IN THE SUPERIOR COURT OF WASHINGTON
## IN AND FOR YAKIMA COUNTY

| | |
|---|---|
| JESSE ERVIN, | NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND JURY DEMAND |
| v. | |
| MOUNTAIN VIEW EQUIPMENT CO., a for-profit limited libility company, and STUART FJELDSTED and his marital property, | |
| Defendant. | |

Plaintiff, Jesse Ervin, by and through his undersigned attorney of record, alleges as his complaint against Defendants as follows:

### I. PARTIES

1. Plaintiff is and, at all times relevant hereto, was a resident of Yakima County, Washington.

2. Defendant, Mountain View Equipment Co. ("MVE") is and, at all times relevant hereto, was a for-profit corporation doing business in Yakima County, Washington.

3. Defendant Stuart Fjeldsted and his spouse were and, at all times relevant hereto, are residents of Boise, Idaho.

COMPLAINT FOR DAMAGES AND JURY DEMAND     1     SUNLIGHT LAW, PLLC
402 E Yakima Avenue, Suite 730
Yakima, WA 98901
(509) 388-0231

Willert Declaration - 7

## II. JURISDICTION AND VENUE

4.      All acts alleged herein occurred in Yakima County, Washington and as such this court has jurisdiction over the subject matter and the parties involved and is the proper venue for this proceeding pursuant to RCW 4.12.020.

## III. FACTUAL ALLEGATIONS

5.      Plaintiff began working for MVE as a parts specialist on, or about, February 2014.

6.      Plaintiff was a dedicated employee for Defendants and executed satisfactory work through out his employment with MVE.

7.      Since 2012, Plaintiff suffered from depression and anxiety and he informed Defendants of these conditions

8.      On, or about, June 2014, Plaintiff suffered a debilitating neck injury while a sheet of plywood slipped off a forklift above me and struck above his right ear and jammed his head against left shoulder and pinned him against the wall until someone was able to help him get it off (hereinafter referred to as "workplace injury").

9.      As a result of this injury, Plaintiff's doctors ordered medically necessary work restrictions that prevented him from lifting anything that was more than five (5) pounds.

10.     Although Plaintiff informed Defendants of his injury and his medical restrictions in writing and orally, Defendants initially denied knowing about these restrictions.

11.     Plaintiff's work required him to sometimes lift things that were heavier than his medically restrictions allowed. Defendants failed to take any proactive steps to follow these medical restrictions and would seem upset when Plaintiff would remind Defendants of the restrictions.

COMPLAINT FOR DAMAGES  
AND JURY DEMAND

2

SUNLIGHT LAW, PLLC  
402 E Yakima Avenue, Suite 730  
Yakima, WA 98901  
(509) 388-0231

Willert Declaration - 8

12. On, or about, December 2015, Defendants complained to Plaintiff that he seemed "distracted." Plaintiff responded by informing them that he suffered from ADD and anxiety.

13. Plaintiff's workplace injury and/or his ADD and anxiety constitute a disability as defined in a disability as defined in Washington Law Against Discrimination ("WLAD"), RCW 49.60, et. seq. and the Americans with Disabilities Act ("ADA").

14. Plaintiff's workplace injury and anxiety and ADD caused him to be an inpatient at the hospital for more than two days at a time and/or required him to obtain continuing medical treatment from his health care providers, which is considered a serious health condition under the Family Medical Leave Act ("FMLA") 29 C.F.R. § 825.113 and the Washington State Family Leave Act ("FLA") RCW 49.78.020.

15. After the workplace injury, Plaintiff had to take intermittent leave to obtain medical treatment up until he was terminated.

16. Plaintiff gave notice in writing and orally to Defendants each time that he had to take time off due to the workplace injury and his medical conditions.

17. Defendants failed to provide Plaintiff with the proper notices regarding his eligibility for protected leave each time that he gave notice and took medical leave from work.

18. Defendants gave favorable treatment to employees that did not have disabilities and did not request accommodations by not terminating them.

19. Plaintiff was also discriminated and retaliated against for asking for accommodations for his medical lifting restrictions.

20. Defendants failed to participate in the interactive process regarding his requests for accommodations for his ADD, anxiety and neck injury.

21. Defendants failed to accommodate Plaintiff.

COMPLAINT FOR DAMAGES    3    SUNLIGHT LAW, PLLC
AND JURY DEMAND                402 E Yakima Avenue, Suite 730
                                Yakima, WA 98901
                                (509) 388-0231

Willert Declaration - 9

22. On, or about October 31, 2017, Defendants terminated Plaintiff in retaliation and/or discrimination based on his disability and requests for accomodation.

23. In any given year, including the year immediately preceding his termination, Plaintiff worked for Defendants at least 1,250 hours.

24. Plaintiff was employed at MVE's worksite that had over fifty (50) employees within a 75-mile radius and each of these employees worked for each working day during 20 or more calendar workweeks in the current or preceding year.

25. MVE is an enterprise engaged in commerce or in the production of goods for commerce.

26. MVE is a covered employer for the purposes of FMLA, ADA, WLAD, and WFLA. Since Plaintiff started working for BOA, he has been an employee covered and eligible for benefits under the WFLA and FMLA.

## IV. CAUSES OF ACTION

27. The foregoing paragraphs are realleged and incorporated by reference hereinafter in each cause of action that follows.

**COUNT ONE: Violation of Washington State Law Against Discrimination**

28. Defendant violated the Washington Law Against Discrimination ("WLAD"), RCW 49.60, et. seq., by undertaking adverse employment actions, retaliating against Plaintiff, denying Plaintiff promotions, and ultimately terminating him. Plaintiff was doing satisfactory work, but was targeted and terminated due to his disability and request for accommodations.

**COUNT TWO: Willful Violation of the Federal and Washington State Family Leave Act**

29. Defendants willfully, or with reckless disregard, violated the FMLA and FLA by retaliating and/or denying Plaintiff statutorily-protected benefits, including but not limited to:

COMPLAINT FOR DAMAGES
AND JURY DEMAND

4

SUNLIGHT LAW, PLLC
402 E Yakima Avenue, Suite 730
Yakima, WA 98901
(509) 388-0231

Willert Declaration - 10

29.1.   Failing to provide Plaintiff with proper notices of his eligibility for protected leave and the procedures to request the leave;

29.2.   Not allowing Plaintiff to take protected leave to take care of his serious health condition - interfering with his right to take protected leave; Retaliating against Plaintiff for taking medical leave;

29.3.   Not returning Plaintiff to his position, or a similar position, upon his return from medical leave; and/or

29.4.   Demoting, failing to promote and/or terminating Plaintiff for requesting and/or taking protected leave.

### COUNT THREE: Hostile Work Environment

30.   The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of these claims. The reasons stated by Defendants for its conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

### COUNT FOUR: Wrongful Termination in Violation of Public Policy

31.   Defendants wrongfully terminated Plaintiff in violation of public policy by retaliating against Plaintiff and terminating his for his disability, taking protected medical leave and for requiring medical accommodations.

### COUNT FIVE: Failure to Accommodate

32.   Defendants violated WLAD and the ADA by failing to accommodate Plaintiff's medical conditions by making him lift things that were heavier than his restrictions and firing him for needing and requesting accommodations.

### V. OTHER CLAIMS

COMPLAINT FOR DAMAGES          5          SUNLIGHT LAW, PLLC
AND JURY DEMAND                            402 E Yakima Avenue, Suite 730
                                           Yakima, WA 98901
                                           (509) 388-0231

Willert Declaration - 11

33. Plaintiff reserves the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

## VI. PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in such amount as to be proven at trial, including but not limited to, economic and noneconomic damages suffered by Plaintiff, reasonable attorney fees, costs and expenses permitted by law for such other and further relief as the Court deems just, equitable and proper.

## VII. JURY DEMAND

35. Plaintiff requests a jury by trial.

DATED this 1st day of November, 2018.

SUNLIGHT LAW, PLLC

_____
FAVIAN VALENCIA, WSBA #43802
Attorney for Plaintiff
402 E Yakima Avenue, Suite 730
Yakima, WA 98901
Phone: (509) 388-0231

SUPERIOR COURT OF WASHINGTON FOR YAMIMA COUNTY

| | |
|---|---|
| JESSE ERVIN,<br><br>        Plaintiff,<br><br>        v.<br><br>MOUNTAIN VIEW EQUIPMENT CO., a for-profit limited liability company, and STUART FJELDSTED and his marital property,<br><br>        Defendants. | NO.<br><br>**NOTICE OF APPEARANCE FOR DEFENDANTS MOUNTAIN VIEW EQUIPMENT CO. AND STUART FJELDSTED** |

TO:      Clerk of the Court;

AND TO:    Plaintiff and his attorney, Favian Valencia of Sunlight Law, PLLC

      YOU ARE HEREBY NOTIFIED THAT WILLIAMS, KASTNER & GIBBS PLLC, without waiving objections as to improper service, venue, or jurisdiction, hereby appears as attorneys for **MOUNTAIN VIEW EQUIPMENT CO. and STUART FJELDSTED and his marital community**, the defendants in the above-entitled action.  You are notified that service of all further pleadings, notice, documents, or other papers herein, except original process, may be had upon said defendants by serving the undersigned attorneys at the address below stated.

NOTICE OF APPEARANCE FOR DEFENDANTS MOUNTAIN VIEW EQUIPMENT CO. AND STUART FJELDSTED - 1

6666426.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**Willert Declaration - 13**

DATED this 28th day of November, 2018.

_____
Sheryl J. Willert, WSBA #08617
Jessica M. Cox, WSBA #53027
Jeffery M. Wells, WSBA #45840
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone:      206-628-6600
E-mail:     swillert@williamskastner.com
            jcox@williamskastner.com
            jwellst@williamskastner.com

Attorneys for Defendants
Mountain View Equipment Co.
and Stuart Fjeldsted and his marital community

---

NOTICE OF APPEARANCE FOR DEFENDANTS MOUNTAIN VIEW EQUIPMENT CO. AND STUART FJELDSTED - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6666426.1

Willert Declaration - 14

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date below, I caused a true and correct copy of the foregoing document to be delivered to the following parties in the manner indicated:

| | |
|---|---|
| Favian Valencia, WSBA #43802<br>Sunlight Law, PLLC<br>402 E. Yakima Avenue, Suite 730<br>Yakima, WA  98901<br>Phone:    509-388-0231<br>Email:    favian@sunlightlaw.com | ☑   Via electronic mail<br>☑   Via U.S. Mail<br>☐   Via Legal Messenger<br>☐   Via Facsimile |

*Attorneys for Plaintiff*

DATED this 28th day of November, 2018.

*Sandra Brown*
_____
Sandra Brown, Legal Assistant

NOTICE OF APPEARANCE FOR DEFENDANTS MOUNTAIN VIEW EQUIPMENT CO. AND STUART FJELDSTED - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6666426.1

Willert Declaration - 15